KOPP, *Appellant,* v. BLESSING *et al.* *

Division One, February 19, 1894.

1. **Homestead**: MORTGAGE. A mortgage of a homestead is valid in Missouri. The wife of the homesteader is estopped by her deed from asserting a claim to homestead against it.

2. **Mortgage**: FORECLOSURE: RES JUDICATA. A statutory judgment of foreclosure (R. S. 1889, sec. 7089) is conclusive as against a prior adverse claim of right by a defendant to the foreclosure proceeding in respect of the land affected.

3. ———: ———: ———. An adjudication of a competent court can not be impeached collaterally for error in it.

4. ———: ———: ———: STATUTE OF LIMITATIONS. An adjudication of title in a foreclosure suit precludes the application of the statute of limitations to an adverse possession of earlier date as between adverse parties to that suit.

*Appeal from New Madrid Circuit Court.*—HON. H. C. O'BRYAN, Judge.

REVERSED AND REMANDED.

*Wilson Cramer* for appellant.

(1) The deed from Henry Blessing and wife to their children, Charles and Sarah, who were then, respectively, about thirteen and fifteen years of age, is

---

* Not received in time to report in chronological order.—REPORTER.

a voluntary deed, and, as such, void as to creditors, prior and subsequent. R. S. 1889, sec. 5170; *Snyder v. Free*, 114 Mo. 360. (2) This is true, although Henry Blessing might have been entitled to a homestead in the premises, the deed being made January 15, 1876, subsequently to the passage of the act of 1875 changing the character of the homestead estate. Sess. Acts, 1875, p. 60; R. S. 1889, sec. 5439; *Schaeffer v. Beldsmeier*, 107 Mo. 314. (3) The transfer to Charles and Sarah Blessing being fraudulent and void, no title passed by the deed executed to them by their father. *Snell v. Harrison*, 104 Mo. 158, *loc. cit.* 188. (4) A deed may be shown in an action of ejectment to be fraudulent and void. *Hughes v. Israel*, 73 Mo. 538; *Chandler v. Bailey*, 89 Mo. 641 *loc. cit.* 645. (5) Assuming that a homestead right existed, Henry Blessing and wife had a right to mortgage the homestead. Sess. Acts 1873, p. 16; R. S. 1879, sec. 2689. (6) Henry Blessing remained in possession of the land up to the time of his death in 1882. His possession was not adverse to the mortgagees, under whom plaintiff asserts title. *Chouteau v. Riddle*, 110 Mo. 366; *Atchison v. Pease*, 96 Mo. 566; *Lewis v. Schwenn*, 93 Mo. 26; Jones on Mort., sec. 1211.

*R. B. Oliver* for respondents.

(1) This is a suit in ejectment, and it is a fundamental rule that the plaintiff must recover upon the strength of his own title. *Marvin v. Elliott*, 99 Mo. 616; *Duncan v. Able*, 99 Mo. 188; *Foster v. Evans*, 51 Mo. 39; *Large v. Fisher*, 49 Mo. 307; *Robbins v. Eckler*, 36 Mo. 494; Sedgwick & Wait on Trial of Title to Land [2 Ed.], sec. 57, p. 29. (2) The deed under which defendant Charles Blessing holds is ten years, two months and seven days older than the deed under which this plaintiff holds. It is, therefore, the better

title, and must prevail in an action of ejectment. *Farrar v. Heinrich*, 86 Mo. 521. (3) This deed of Charles Blessing was of record ten years, two months and four days before this plaintiff bought at sheriff's sale under execution in favor of her son and against Henry Blessing. The notice to her, of defendant's deed and his right under it, was, therefore, complete and is binding upon her. *Black v. Long*, 60 Mo. 181; *Sappington v. Oeschli*, 49 Mo. 247, and cases there cited. (4) There is no evidence whatever in this case that Charles and Sarah Blessing ever knew anything about such a mortgage. They were, therefore, in no way bound by it. *Bank v. Fife*, 95 Mo. 118. (5) There is absolutely no testimony showing that the grantees, who were children at the time, were party to, or had any knowledge of, the alleged intent and purpose of Henry Blessing. *Bonney v. Taylor*, 90 Mo. 63; R. S. Mo. 1889, sec. 5171. (6) A party will not be allowed to try his case on one theory and reverse it on a different theory on appeal. *Bray v. Seligman*, 75 Mo. 40; *Bettes v. Magoon*, 85 Mo. 580.

BARCLAY, J.—Plaintiff sued in ejectment for a tract of land in New Madrid county.

The petition is in the ordinary form.

The defendants are Margaret and Charles Blessing. They answered separately. The nature of their defenses will appear presently.

Plaintiff's reply denied the new matter of the answer, and stated that she became owner of the land by purchase at a foreclosure sale (described more fully hereafter); and also charged that the deed under which Charles Blessing claimed was fraudulent and void as to creditors.

The cause was tried by the court without a jury.

Both parties trace title to Henry Blessing. He bought this land by deed, June 4, 1875, recorded in

July of that year. He died in 1882. Margaret Blessing is his widow, Charles Blessing his only surviving child.

At the time of his acquiring title, Henry Blessing was indebted to Mr. Marr for rent for the years 1873 and 1874, on account of which Marr brought suit against him in February, 1876, and obtained judgment in the circuit court of New Madrid county, September 23, 1876, for $391.30.

Shortly before the institution of suit by Marr, January 15, 1876, Henry Blessing and his wife, Margaret, executed to their children, Charles and Sarah Blessing (then, respectively, about thirteen and fifteen years of age), in consideration of love and affection, a conveyance of this land, which was all he owned. This deed was recorded, January 18, 1876.

Sarah died later, before her father.

Very soon after this conveyance,—February 17, 1876,—Henry Blessing executed to Dodd, Brown & Company a note for $504.39, at eight months, and gave them a mortgage to secure it, with power of sale of the land he had previously conveyed to his children. His wife joined in the mortgage, which was duly recorded March 1, 1876.

Subsequently,—March 20, 1877,—he and his wife executed a second mortgage, with power of sale, to Frank Kopp (reciting that it was subject to the Dodd, Brown & Co. mortgage), for the purpose of securing a note for $418, given by Henry Blessing on that day to Frank Kopp, payable three years after date. The consideration of this note was the release of the Marr judgment. This mortgage was recorded on the day of its execution.

Henry Blessing lived on this land with the defendants up to the time of his death in 1882. His wife and son remained there afterwards, and were in possession when this suit was brought, in August,

1887. Frank Kopp in the meantime had become the owner of the Dodd, Brown & Company note and security, and brought suit to foreclose both mortgages, and obtained a judgment of foreclosure, September 28, 1884.

In these foreclosure proceedings Margaret Blessing and Charles Blessing were defendants, as they are in the present case.

Under execution issued upon this judgment of foreclosure, a sale was duly had, at which plaintiff, Mary Kopp, the mother of Frank Kopp, became the purchaser. She received a sheriff's deed, dated and recorded, March 22, 1886, conveying to her the land in dispute.

Claiming title under this deed, plaintiff brought the present action.

Defendants rely upon the deed to Charles and Sarah Blessing and upon adverse possesion.

There was oral evidence of the rental value of the property, and also tending to prove that the land had been the homestead of Henry Blessing from the time he acquired it in 1875.

The court gave several declarations of law, and rendered a finding and judgment for defendants. Plaintiff appealed in due form.

Among other rulings, the trial judge approved an instruction at the instance of defendants, as follows: "The court declares the law to be that in this case the decree of the circuit court of New Madrid county, foreclosing the mortgages given by Henry Blessing and wife to Dodd, Brown & Company and to Frank Kopp does not estop defendants from asserting title to the premises by virtue of deed from Henry Blessing and wife to defendant Charles Blessing and his sister, Sarah Blessing."

To this instruction exception was duly saved. It is now assigned as error, and the formal steps to bring it under review have been duly taken.

It will have been noticed that both the present defendants occupied a like attitude in the foreclosure suit in the New Madrid circuit court, under which plaintiff bought the land. The record in that cause was admitted in evidence for plaintiff. Its legal effect is a matter of construction, involving a question of law for the court to solve on being properly requested so to do.

It appears that both defendants filed general denials in that case. No right of homestead was set up by either, nor any claim of title adverse to the mortgages which the suit was brought to foreclose. The proceedings therein resulted in a judgment subjecting the land and all the interest and estate of the present (and then) defendants to sale to discharge the secured notes. That judgment was in the statutory form (R. S., 1889, sec. 7078), and was accompanied by an elaborate recital by way of finding of the facts, on which the right to foreclose and sell was based, of which an outline has been above given.

That Henry Blessing and his wife had the right to mortgage their homestead is too clear a proposition, under our law, to require more than a reference to the statute. (Laws, 1873, p. 16, same as section 2689, R. S. 1879).

If Charles Blessing asserted a title or interest superior to the mortgage, by virtue of the deed to him and his sister Sarah, of date in January, 1876, he should have it set it up in some manner, when called upon to answer why the land should not be sold in the foreclosure suit to discharge the debt and mortgage made by his father in February, 1876. This he did not do, and hence judgment went against him, directing the sale of his estate in the land to satisfy the mortgages, as already stated. That judgment may have been wholly erroneous in view of the facts disclosed, but the adjudication of a competent court can not be collaterally deprived of

its force for that reason.    It has not been set aside or
reversed.    It established rights which courts can not
ignore.    It adjudged that the land was subject to sale
to satisfy the debts secured by the mortgages, and nec-
essarily implied that those instruments conveyed a title
paramount to any claim of Charles Blessing, defendant,
therein.

By the Missouri statute touching foreclosure of
mortgages it is expressly provided that the petition may
be filed "against the mortgagor and the actual tenants
or occupiers of such real estate."    R. S. 1889, section
7078.

Any person claiming an interest in the mortgaged
property may be made defendant (R. S. 1889, section
7085), and the purchaser under a sale on execution
pursuant to a statutory judgment in such an action
"shall take a title as against the parties to the suit." (R.
S. 1889, section 7089; same as the law in force on that
point since the earliest date mentioned in this record.)

These statutory provisions lay down a very plain
rule for the construction of such a judgment as that
disclosed by the case in hand.    They certainly preclude
defendant, Charles Blessing, from asserting (adverse to
the judgment) a title which he may have owned when
the judgment was rendered, but which he did not then
choose to set up.

At the time of the foreclosure sale he was of full
age, according to his own admission at the trial of the
cause at bar.

If there are any valid legal reasons that would give
support to the ruling of the trial court as to him, by
getting rid of the legal effect of the foreclosure proceed-
ings, they have not been suggested here, and none
occur to us.    Mrs. Margaret Blessing joined in due
form in the mortgages executed by her husband and is
in no position to assert a homestead right against those

instruments, irrespective of the question of a prior adjudication, or of the husband's right to charge the homestead estate by such incumbrances without her joinder, as expressly held quite recently. *Greer v. Major* (1893), 114 Mo. 145.

Upon the record before us, we are of opinion that there was error in giving defendant's instruction, above quoted, and that it was prejudicial to plaintiff's rights upon the merits.

The foreclosure judgment was in 1884, the sale thereunder in 1886, and the present action brought in 1887. There was no time between these dates for the intervention of any bar of limitation that could avail defendants on the facts as they now appear, having reference to their plea of title by adverse possession.

It results from what has been said that the judgment should be reversed, and the cause remanded. It is so ordered. All the judges concur.