MARKWELL v. MARKWELL et al., Appellants.

Division Two, June 26, 1900.

1. **Suit to Set Aside Deed of Trust:** TRUSTEE NECESSARY PARTY. The trustee is a necessary party in a suit to set aside a deed of trust, although the debt secured thereby is not due.

2. ———: POWER TO MAINTAIN EJECTMENT. Nor is such trustee any the less a necessary party because he can not maintain ejectment until condition in the deed of trust is broken. He is vested with the title, although until condition is broken his right to sue for possession is suspended.

3. **Trustee's Sale:** INADEQUACY OF PRICE. Simply because property at a trustee's sale brings only about one-third its actual value, is no reason for setting aside the trustee's deed.

4. **Homestead:** DEED OF TRUST: SALE. Where a wife joins with her husband in executing a deed of trust on their home place, she is estopped as against purchasers at the trustee's sale from asserting a homestead right in the property.

5. **Deed of Trust:** SALE: ADMINISTRATOR AS PURCHASER. The administrator of the grantor in a deed of trust is not prohibited from purchasing the land sold at the trustee's sale.

6. ———: ———: ABUSE OF TRUSTEE'S DISCRETION: HOMESTEAD. Deceased mortgaged his eighty-acre homestead worth $3,000 for $750, and after his death the probate court set off 30 acres of it to his widow as a homestead. At the trustee's sale she appeared and announced her claim of homestead. Paxton bid $870 for the whole tract subject to the homestead, and testified if it had not been for that he would have given $1,500. The trustee declined his bid, and Wells, for the administrator, offered $500 for the fifty acres not claimed as part of the homestead, but Paxton bid till Wells ran it up

Markwell v. Markwell.

to $700, when it was sold to him. Then Wells bid $200 for the thirty acres, and Paxton $170 for twenty-five acres off of any side of it, and Anderson bid $170 for any ten acres of it the trustee might name, but the trustee declined the last two bids, and sold the whole to Wells for $200, thus making the entire property bring $900. Deceased's entire debts were $1,499.62, and all his other property had been exhausted. The administrator does not object to the sale, but the widow of deceased brings suit to set it aside. *Held*, that she had no homestead in the property, and there is nothing in the facts to indicate that the trustee abused his discretion in selling the property as he did or that the sale was unfair.

Appeal from Platte Circuit Court.—*Hon. William S. Herndon*, Judge.

REVERSED AND REMANDED.

*James W. Coburn* for appellants.

(1) The trustee was a necessary party in this suit, and being such there was no necessity to take advantage of his not being made a party by either demurrer or answer, though it was set out in answer. Wolf v. Ward, 104 Mo. 128; Hitch v. Stonebreaker, 125 Mo. 138; Russell v. Grant, 122 Mo. 161. This suit should have been brought in the names of the heirs and representatives of H. C. Markwell. (2) The petition should have alleged an offer to redeem, as the land was sold by the trustee. Springfield v. Donovan, 120 Mo. 423; Kelly v. Stead, 136 Mo. 439. (3) Besides, a bond should have been given for the redemption. Godfrey v. Stock, 116 Mo. 403. (4) The administrator could buy at the sale of the trustee in his own right, and not as a trustee for the estate. Woodlee v. Burch, 43 Mo. 231. (5) As the land sold was the property of her husband, and in no sense either her legal or separate property, she was not the surety of her husband by merely joining in the deed of trust. Wilcox v. Todd, 64 Mo. 388. (6) By joining in the deed of trust plaintiff was estopped from claiming any homestead in

the land.    Kopp v. Blessing, 121 Mo. 391.    The act of the probate court in setting out homestead to her was void. Homestead was set off after death of H. C. Markwell.    (7) Plaintiff having joined in the deed of trust is not entitled to homestead rights in any surplus after satisfying the debts so secured.    Casebolt v. Donaldson, 67 Mo. 308; Woerther v. Miller, 13 Mo. App. 367.    (8) Paxton (witness) says the land was worth double the sum it sold for—sale for $900. In Harlin v. Nation, 126 Mo. 97, land worth $500 was sold for $100, and the court held there was not such an inadequacy as to justify setting aside the sale.

. *W. M. Paxton* and *N. B. Anderson* for respondent.

(1) Where the sale is in any way contrary to justice and equity, it will not be allowed to stand.    Bronson v. Kinzie, 1 How. 321; Singleton v. Scott, 10 Iowa, 408; King v. Duntz, 11 Barber, 191; 2 Perry on Trusts (3 Ed.), 185; Tatum v. Holliday, 59 Mo. 428; Carter v. Abshin, 48 Mo. 300. Right, reason and the authorities all concur that it is the duty of the trustee, under a deed of trust, to cause the sale to result as beneficially as possible to the debtor, and when the land will sell as a whole for a larger price than it would bring if sold in parcels, he should pursue the former course.    Devlin on Deeds, sec. 411; Singleton v. Scott, 11 Iowa, 589; Terry v. Fitzgerald, 32 Gratt, 843; Judge v. Booge, 47 Mo. 544; Chesley v. Chesley, 49 Mo. 540.    (2) After the trustee sold 50 acres of the tract, he then offered for sale the remaining 30 acres, which embraced the widow's homestead.    The residue of the debt and costs then amounted to $170.    Norton B. Anderson, for Mrs. Markwell, bid $170 first for 20, then for 10 acres of the 30 acres, off any side of it.    Because of a grave misapprehension as to his duties and powers, the trustee declined to receive or entertain these bids, but persisted in the

face of a wrong which might be done an indigent widow, to cry off the entire 30 acres, when already for a third of the land, a bid has been made covering the entire debt and costs. The principle is clearly established that where, by a sale of a part of the premises, a sufficient amount can be realized to pay off the secured debt, then it is the duty of the trustee to make the division and sell a portion accordingly, and if he fails in this, the sale will be held invalid on application of the party aggrieved.   Tatum v. Holliday, 59 Mo. 428; Goode v. Comfort, 39 Mo. 313; Gray v. Shaw, 14 Mo. 342; 17 Wallace, 574; Taylor v. Elliott, 32 Mo. 172; 2 Jones on Mortgages, sec. 1859.

BURGESS, J.—This is a suit to set aside the trustee's sale under a deed of trust of eighty acres of land, and to have a deed thereto from said trustee, A. R. Jack, to defendant James W. Markwell, and a deed of trust from said James W. Markwell and wife to the Wells Banking Company, declared null and void.

The court below rendered a decree in accordance with the prayer of the petition, from which defendants, after unavailing motions for new trial and in arrest, appeal.

On February 28, 1895, Henry C. Markwell owned in fee eighty acres of land in Platte county, to-wit, the west half of the southeast quarter of section twenty-one, township fifty-two of range twenty-one, which he and his family then, and up to the time of his death, November 20, 1895, occupied as a homestead.

On the said 28th day of February, he executed his note to Clinton Cockrill for the sum of $500, and on July 13th, next following, he gave to said Cockrill another note for the sum of $250, said notes to become due twelve months after their respective dates, and at the time of the execution of each note, said Henry C. Markwell, and the plaintiff, his

wife, joining with him, executed a deed of trust on said land to one A. R. Jack as trustee to secure its payment.

At the time of the death of said Henry C. Markwell he left surviving him the plaintiff, his widow, and James W. Markwell, a son by a former marriage, who became the administrator of his father's estate. Thereafter a homestead of thirty acres off of the south side of said land was attempted to be assigned to the widow in the probate court of said county.

The personal property was insufficient to pay the debts due by the estate, and Jack, the trustee in the deeds of trust, at the request of the beneficiary therein, advertised the land for sale on the 28th day of September, 1896. When the land was offered for sale the widow, by her attorney, appeared and announced her claim of homestead in the thirty acres. W. M. Paxton then bid $870 for the whole eighty, that being the amount of the debt, interest and cost, subject to the widow's homestead rights in the thirty acres on the south end of the track which had been set off to her, but the trustee refused to accept the bid. The trustee then offered for sale the fifty acres of the north end of the tract, to which Mrs. Markwell objected except upon the condition that the bidders would bid for the fifty acres the entire debt and cost.

W. S. Wells then bid $500, on the fifty acres, but Paxton bid higher, and continued to run it up on him until Wells bid $700, when it was knocked off to him at that price. This left unpaid on the debts $170, to be raised on the sale of the remaining thirty acres, which had been attempted to be set off to Mrs. Markwell as a homestead.

After the sale of the fifty acres to Wells, Paxton offered to pay the whole debt, interest and costs, and take an assignment of the two notes, without recourse, which the trustee declined to accept.

The trustee then offered for sale the thirty-acre tract,

when Paxton offered $170 for it, subject to plaintiff's homestead right which was refused.

Wells then bid $200; then Paxton bid $170 for twenty-five acres off of any side of it the trustee might name, and this not being accepted, Anderson bid $170 for any ten acres of the thirty-acre tract the trustee might name, which was also declined. The thirty acres were then struck off to Wells and the trustee on the same day made his deed as such to defendant, James W. Markwell, for whom Wells was bidding.

On the same day the Wells Banking Company, to secure the payment of the $900 loaned to James W. Markwell to buy the 80 acres of land sold at said sale and to secure an antecedent debt, the whole debt amounting to $1,372, took from said James W. Markwell a deed of trust on the said 80 acres of land and other lands.

There was evidence showing that the land was worth from $35 to 40 per acre, that that was the value of land in that neighborhood. Witness Paxton said the land was worth double the amount bid; that, "If everything had been right he might have run the land up to $1,500; on inquiry he found the land to be worth $30 per acre, . . . but he did not care about speculating in land unless there was some profit in it."

It was admitted that the debts proved up against the estate of Henry C. Markwell were $1,499.62, counting in the two Cockrill notes, and that all the personalty had been exhausted and the estate had no other assets.

The petition alleges and the answer admits that after defendant Markwell purchased the land he and his wife executed a deed of trust thereon to A. D. Burnes, as trustee, with power of sale, to secure the payment to the Wells Banking Company of the sum of thirteen hundred and seventy-two dollars, thereby vesting in him the legal title to the land.

The answer also alleges that persons necessary parties defendant were not made parties to the suit. The contention is that A. D. Burnes, trustee in the deed of trust from defendant to him for use of the Wells Banking Company, is a necessary party defendant.

A power of sale in a deed of trust in which the legal estate has been conveyed to the trustee to secure a debt due a creditor is not a mere naked authority, but a power coupled with an interest and is irrevocable by the grantor. [2 Am. Law Reg. (N. S.) 654; 2 Perry on Trusts (4 Ed.), sec. 602h; Schanewerk v. Hoberecht, 117 Mo. 22, and authorities cited; Springfield Engine and Thresher Co. v. Donovan, 120 Mo. 423.] "The mortgagee in a deed of mortgage and the trustee in a deed of trust take the legal title and estate for the purpose of their security. In all cases the legal title is in the trustee under the trust deed, if the deed purports to convey the estate." [2 Perry on Trusts, sec. 602i.]

If the legal title is in Burnes the trustee, and he is not a mere naked trustee, and his authority merely perfunctory in its character, but is a power coupled with an interest, it must follow that he is a necessary party to this suit, for otherwise his interest was not, and could not be affected by the decree rendered. [Erisman v. Erisman, 59 Mo. 367.] And this question was properly raised by the answer. [Gimbel v. Pignero, 62 Mo. 240; Franke v. City of St. Louis, 110 Mo. 516.]

The fact that Burnes could not maintain ejectment for the land until after condition in the deed of trust was broken does not alter the case, or divest him of the title to the land, but only suspended his right to sue until after condition broken in the deed.

Plaintiff complains of a conspiracy between certain of the defendants in the purchase of the land by which it was divided and fifty acres of it sold for seven hundred dollars,

and the remaining thirty acres claimed by plaintiff as her homestead only brought two hundred dollars, while the evidence showed that the entire tract was worth from thirty-five to forty dollars per acre.

The bid by Paxton to pay the debts secured by the deeds of trust and the costs attending the sale, was for the whole tract, subject to the widow's right of homestead therein. The property brought about fifty dollars more as it was sold than the amount bid for it by him, and there is no pretense that the land would have brought more money than was paid for it by defendant Markwell if it had been sold as a whole. It is, therefore, difficult to see how plaintiff was injured by the refusal of the trustee to accept Paxton's bid.

Paxton testified that "if everything had been right, he might have run the land up to $1,500; that he didn't know, would not say so," but that he did not care about speculating in land unless there was some profit in it. What he meant by "if everything had been all right," was evidently the claim of Mrs. Markwell to a homestead right in the land— there could have been nothing else. And this was the cause, we think, that the land brought less than its value. But the mere fact that the land brought about one-third of its value was not such inadequacy of price as to justify the court in setting aside the sale upon that ground alone.

In Harlin v. Nation, 126 Mo. 97, land worth five hundred dollars was sold under the deed of trust for one hundred dollars, and it was held that the price was not so grossly inadequate as to raise the inference of fraud. The question then is, did the trustee discharge his duties in dividing the land into one fifty, and one thirty-acre lot, in selling it that way, and in rejecting bids that were offered for it upon conditions, or in less quantities?

The plaintiff having joined in the deeds of trust executed by her husband Henry C. Markwell to A. R. Jack, as trustee, to secure the payment of the debts therein described and re-

linquished her dower in the land in question, is in no position to assert a homestead right against those instruments, or any one claiming under them (Greer v. Major, 114 Mo. 145; Kopp v. Blessing, 121 Mo. 391); therefore, the act of the probate court in setting off thirty acres of the land to her as a homestead was ineffective, so that, whatever right she had in the land at the time of the trustees' sale, was the right to dower in that portion of it if any that might have remained after a sufficiency of it had been sold to satisfy the debts secured by the deeds of trust under which it was sold, and, the costs attending the sale.

It was the duty of the trustee to use all reasonable precaution to render the sale beneficial alike to all parties concerned (Stoffel v. Schroeder, 62 Mo. 147), but he was under no obligation to receive conditional bids, or as the land consisted of a single tract to divide and sell it in parcels. But because of the fact that plaintiff insisted that thirty acres of the tract had been set off to her as a homestead, he sold the other fifty acres first, and upon failure to realize from that sale a sufficient amount to satisfy the debts, interest and costs by one hundred and seventy dollars, he then sold the remaining thirty acres from which was realized, some thirty dollars more than was sufficient for the purpose.

The trustee had no authority to sell the land or any part of it subject to any supposed homestead right of the widow, for the reason that having joined with her husband in the execution of the deeds of trust under which the land was being sold, she was estopped as against them from asserting any such right. Besides, she insisted that she had a homestead right in the thirty acres on the south end, and by this means induced the trustee to sell first, the fifty, and lastly, the thirty acre tract, and should not now be heard to complain that it was so sold.

So that the question is, did the trustee exercise a reasonable discretion in refusing to accept Paxton's bid of $170 for

twenty-five acres off any side of the thirty acres that the trustee might name, or the same amount for any ten acres of this parcel that the trustee might name, and in selling it as a whole to the highest and best bidder.

While it was the duty of the trustee, in the exercise of his duties and powers under the deed of trust to adopt all reasonable modes of proceeding, in order to render the sale most beneficial to the debtor, as the land was described in the deed of trust as a single tract, he was not bound to sell it in parcels even if he had the right to do so. [Lamerson v. Marvin, 8 Barb. 9; Griswold v. Fowler, 24 Barb. 135; Cox v. Wheeler, 7 Paige 250.] Besides, the debtor's only heir who is his administrator is not here complaining of the action of the trustee in refusing to accept these bids, and as the plaintiff was under no obligation either legal or moral to pay the debts secured by the deeds of trust and especially as she made no request that this tract be sold according to Paxton's bids she is in no condition to complain. No provision of the deed of trust made it the duty of the trustee to subdivide the property before making the sale, or to adopt bids for parcels of the whole tract, and it can not be said, as a matter of law, that it was his duty to do so, especially when it brought more money by selling the thirty acres as a whole, than was offered for part of it by Paxton.

As was said in Cleaver v. Green, 107 Ill. loc. cit. 71: "Simply omitting to make any subdivision of the property before sale, when he [the trustee] was not required so to do by the conditions of the trust deed or the mortgage, is not evidence of bad faith on the part of the trustee. A prudent owner might have done the same thing with his own property."

There was, we think, no abuse of discretion by the trustee in conducting the sale of the property.

Although the defendant Markwell was administrator of his father's estate, he was not for that reason prohibited

from purchasing the land which was sold under deeds of trust executed thereon before his father's death.

Plaintiff also asserts that the Wells Banking Company took the deed of trust from the defendant Markwell with full knowledge of all that occurred at the sale, and of plaintiff's equities with respect thereto, but in the view that we take of the matter it is immaterial whether it did or not, as the facts disclosed by the record do not show any unfairness upon the part of the trustee, or the abuse of his authority in selling the land or any circumstance which justified the decree rendered.

For these considerations we reverse the judgment and remand the cause. *Gantt, P. J.*, concurs; *Sherwood, J.*, dissents.