Anita Kay WILLIAMS, et al., Appellants,

v.

Sherman KIMES, et al., Respondents.

No. 79362.

Supreme Court of Missouri,
En Banc.

June 17, 1997.

As Modified on Denial of Rehearing
Aug. 19, 1997.

J. Michael Payne, Nancy L. Browne, Cape Girardeau, for Appellants.

Jim S. Green, Sikeston, W. Edward Reeves, Caruthersville, for Respondents.

BENTON, Judge.

Is the holder of a recorded contingent remainder an "owner" entitled to notice of a power of sale foreclosure under Sec. 443.325.3(2)? [1] The circuit court answered in the negative. This Court has jurisdiction because the appeal involves the validity of a statute, though this claim need not be addressed. *Mo. Const. art. V, sec. 3.* Reversed and remanded.

I.

In his will, Aubra Robert Wrather devised 72 acres of real property to his daughter "Reba Wrather LaFont, and her bodily heirs, in fee simple." The probate court distributed the property to "Reba Wrather LaFont and her bodily heirs." By this language, LaFont received a life estate, her presumptive bodily heirs received a contingent remainder during her lifetime, and her bodily heirs, living at the time of her death, would receive a fee simple absolute. *Sec. 442.470; Easter v. Ochs,* 837 S.W.2d 516, 518 (Mo. banc 1992); Willard Eckhardt and Paul Peterson, *Possessory Estates, Future Interests*

---

1. All references are to *RSMo 1994.*

*and Conveyances in Missouri,* Sec. 19 at 19–20 (1986).

During probate, the executor and LaFont borrowed money from Farmers Bank, mortgaging the 72 acres and other property. Upon default, Farmers Bank foreclosed on the 72 acres in 1988. The executor and LaFont both received a Notice of Trustee's Sale by certified mail, return receipt requested. The presumptive bodily heirs in 1988— Anita Kay Williams, James G. LaFont, Heather Maria Hobbs, and Lesley Suzanne Hobbs—did not receive actual notice of the foreclosure sale.

At the power of sale foreclosure in 1988, Sherman D. Kimes, Elaine Kimes, Albert W. Kimes, and Nina Mae Kimes purchased the 72 acres. In 1990 the Kimeses conveyed the 72 acres to a family trust.

LaFont died on October 13, 1993. Two of her three children, appellants Anita Kay Williams and James G. LaFont, survived her. The third passed away in 1986, survived by Heather Maria Hobbs and Lesley Suzanne Hobbs, who in 1994 sold their interest to Anita Kay Williams and appellant W.A. Williams. Since LaFont's death, the Kimeses have remained in possession of the 72 acres.

## II.

The dispositive issue is whether Anita Kay Williams, James G. LaFont, Heather Maria Hobbs, and Lesley Suzanne Hobbs were "owners" 40 days before the power of sale foreclosure. Sec. 443.325, subd. 3(2) provides:

> In the event of foreclosure under a power of sale, the foreclosing mortgagee or trustee shall, not less than twenty days prior to the scheduled date of the sale, cause to be deposited in the United States mail an envelope certified or registered, and with postage prepaid, enclosing a notice containing the information required in the published notice of sale referred to in section 443.320, addressed . . .
>
> (2) To the person shown by the records in the office of the recorder of deeds to be *the owner of the property as of forty days prior to the scheduled date of foreclosure*

*sale* at the foreclosing mortgagee's last known address for said record owner; . . . (emphasis added).

This Court has broadly defined an owner to include "any person beneficially interested in property." *Siemer v. Schuermann Building and Realty Co.,* 381 S.W.2d 821, 826 (Mo.1964). The Restatement of Property similarly defines an owner as "a person who has one or more interests" in real estate. *See Restatement of Property,* Sec. 10 at 25 (1936); *See also* 95 A.L.R. 1086–90 (1935). Most importantly, Missouri has long authorized the conveyance of contingent remainders. *Sec. 442.020; See Grimes v. Rush,* 355 Mo. 573, 197 S.W.2d 310, 311 (1946); *McNeal v. Bonnel,* 412 S.W.2d 167, 169 (Mo.1967).

The records in the recorder of deeds' office showed the owners of the property 40 days before the foreclosure sale to be "LaFont Wrather LaFont and her bodily heirs." The holders of the contingent remainder—Anita Kay Williams, James G. LaFont, Heather Maria Hobbs, and Lesley Suzanne Hobbs— had an interest capable of conveyance, and were thus "owners" entitled to actual notice under sec. 443.325, subd. 3(2).

## III.

The Kimeses raise three contrary points.

### A.

The Kimeses note that the identity of LaFont's "bodily heirs" could not be ascertained until her death in 1993. True, at the time of the foreclosure sale in 1988, LaFont's presumptive heirs possessed a contingent remainder subject to being defeated if they died before LaFont. *Mattingly v. Washburn,* 355 Mo. 471, 196 S.W.2d 624, 626 (1946). However, a contingent remainder is an ownership interest sufficient to require notice of a foreclosure. Kimeses' citation to *Stigers v. City of St. Joseph,* 166 S.W.2d 523, 529 (Mo.1942)—an inverse condemnation case—is inapposite because the Court in that case did not reach the issue presented here.

The Kimeses' practical concern is that notice to the known contingent remainder holders never assures that the eventual bodily heirs receive notice, and that this uncertainty

will chill lending and power of sale foreclosing. To the extent that this concern is valid, the parties should consider judicial foreclosure. *See secs. 443.220, 443.280; Kopp v. Blessing,* 121 Mo. 391, 25 S.W. 757, 758 (1894).

### B.

The Kimeses assert that Anita Kay Williams, James G. LaFont, Heather Maria Hobbs, and Lesley Suzanne Hobbs were required to file the statutory request in order to receive notice of the foreclosure sale. *Sec. 443.325, subd. 1.* As owners, they were entitled to actual notice under sec. 443.325, subd. 3(2), and were not required to file a request for notice under sec. 443.325, subd. 1.

### C.

The Kimeses argue that the presumptive heirs' receipt of constructive notice through publication, and actual notice to the life tenant and the executor of the estate, was sufficient. Constructive notice through weekly newspaper publication is insufficient for owners. *See sec. 443.325, subd. 3(2).* There is no proof that the contingent remainder holders received actual notice of the foreclosure sale until after LaFont's death.

### IV.

■ The remaining issue is the appropriate remedy for failure to provide actual notice. Only substantial irregularities will invalidate a foreclosure sale. *Kennon v. Camp,* 353 S.W.2d 693, 695 (Mo.1962). However, where owners receive no notice and are prejudiced, there is no substantial compliance. *See I.P.I. Liberty Village Associates v. Spalding Corners Associates,* 751 S.W.2d 120, 124 (Mo.App.1988); *Macon–Atlanta State Bank v. Gall,* 666 S.W.2d 934, 940 (Mo.App.1984).

■ A buyer at a statutory sale takes subject to the interests of those who were entitled to notice but did not receive it. *Lohr v. Cobur Corporation,* 654 S.W.2d 883, 886 (Mo. banc 1983) (holding that a tax sale for delinquent county real estate taxes did not extinguish the deed of trust because notice by publication was insufficient); *Anheuser-*

*Busch Employees' Credit Union v. Davis,* 899 S.W.2d 868, 870 (Mo. banc 1995) (finding that constructive notice, unaccompanied by written notice, was insufficient to extinguish the deed of trust at a tax sale). This Court holds that the presumptive heirs' interest was not extinguished by the power of sale foreclosure. The Kimeses purchased only LaFont's life estate.

The contingent remainder became a fee simple absolute upon LaFont's 1993 death. Appellants are entitled to immediate possession of the 72 acres. Regarding the claims for damages, credits, and other relief, this case is remanded to the trial court for proceedings in accordance with *sec. 527.150, subd. 2. See, e.g., Hoffman v. Hogan,* 152 S.W.2d 1046, 1047–48 (Mo.1941); *Rains v. Moulder,* 90 S.W.2d 81, 84–87 (Mo.1936).

### V.

The judgment of the circuit court is reversed, and the case remanded for further proceedings consistent with this opinion.

HOLSTEIN, C.J., PRICE, ROBERTSON, COVINGTON and WHITE, JJ., and SMITH, Special Judge, concur.

LIMBAUGH, J., not sitting.