Anita Kay WILLIAMS, et
al., Respondents,

v.

Sherman KIMES, et al., Appellants.

No. 81278.

Supreme Court of Missouri,
En Banc.

May 11, 1999.

As Modified on Denial of Rehearing
June 29, 1999.

W. Edward Reeves, Caruthersville, for Appellants.

J. Michael Payne, Cape Girardeau, for Respondents.

RONNIE L. WHITE, Judge.

This appeal arises from judgment by the Circuit Court of Mississippi County after this Court's remand in *Williams v. Kimes*[1] (*Williams I*). In its prior opinion, this Court held that the holder of a recorded contingent remainder is an owner entitled to actual notice before a foreclosure by power of sale. On remand, the circuit court held that the plaintiffs were entitled to fee simple possession of the parcel, but failed to refund the Kimeses their purchase price for the property.

The trustee's failure to provide actual notice to the contingent remainder holders prior to the foreclosure sale created a substantial defect that invalidated the foreclosure sale. Where a foreclosure sale is void by substantial defect, the parties to the sale must be placed in their *ex ante* positions. Therefore, the judgment of the circuit court is reversed, and the case is remanded with directions.

## I. FACTUAL BACKGROUND

In his will, Aubra Robert Wrather devised a 72 acre tract of real estate to his daughter, Reba Wrather LaFont, and "her bodily heirs, in fee simple." While probate was pending, the estate offered a deed of trust on the seventy-two acres to secure a loan from the Farmer's Bank of Portageville necessary to satisfy the federal estate taxes owed by the estate.

In 1988, the loan made to the estate went into default and the bank foreclosed on its deed of trust. While the executor of the estate and Reba Wrather LaFont received actual notice of the pending sale, the presumptive bodily heirs of Ms. LaFont received no such notice. Sherman D. Kimes, Elaine Kimes, Albert W. Kimes, and Nina Mae Kimes purchased the property at the foreclosure sale. In 1990, the family placed the property into the Kimes family trust.

Reba Wrather LaFont died in October 1993, survived by her children, Anita Kay Williams and James G. LaFont, and the two surviving children of her deceased daughter, Linda Suzanne (LaFont) Hobbs. The two grandchildren subsequently conveyed their entire interest to Anita Kay Williams and W.A. Williams.

In its prior opinion, this Court held that the presumptive bodily heirs of Reba Wrather LaFont were "owners" by virtue of their contingent remainder and, therefore, were entitled to actual notice of the ensuing power of sale foreclosure.[2] This Court did not decide whether the failure to provide notice was a substantial defect rendering the foreclosure sale void. Upon remand, the trial court denied the appellants' request for recoupment of their purchase price and the imposition of an equitable lien in the amount of that purchase price.

## II. INSUFFICIENT NOTICE AND VALIDITY OF THE SALE

 Because the issues contained in this case present questions of law, they

---

**1.** 949 S.W.2d 899 (Mo. banc.1997).

**2.** *See* RSMo. Sec 443.325 subd. 3(2).

shall be reviewed *de novo*.[3] It is not disputed that the members of the contingent remainder were not given actual notice of the forthcoming foreclosure proceeding. Section 443.325.3(2) provides that owners of property as of forty days prior to the scheduled foreclosure date are entitled to actual notice of the proceedings. As this Court held in *Williams I*, a contingent remainder is a present interest capable of conveyance. Holders of such interest are therefore owners entitled to notice under the above section.[4] Since the recorder of deeds office showed a conveyance to "Reba Wrather LaFont *and her bodily heirs*" (emphasis added) as of forty days before the foreclosure sale, the contingent remainder holders were owners entitled to notice under the statute.

■ It is clear that the contingent remainder owners were due notice. The next issue facing this Court is what effect the failure to provide actual notice has upon the foreclosure sale. In circumstances where the defect is so great that it goes to the very right or power to foreclose, then the non-judicial foreclosure is void and no title is conveyed through the sale.[5] There are numerous circumstances that may render a foreclosure sale void: (1) where the foreclosing party does not hold title to the secured note;[6] (2) where there has been no default by the mortgagor at or before the first publication of notice for the sale;[7] (3) where the secured note has been paid;[8] and (4) where the deed of trust authorizes sale upon request of its holder and no such request has been given.[9]

■ Failure to provide notice of a foreclosure sale to owners of the foreclosed property is a substantial defect sufficient to render the sale void and prevent the transfer of title in the property.[10] In *Manard v. Williams*,[11] the court held that, "lack of any notice is such a fundamental procedural defect as to render null and void the foreclosure sale. Adequate notice to the public and the mortgagor is required to insure that the mortgagor may, at least, take steps to aid in the sale of the property at the most advantageous price."[12]

Missouri courts have also consistently held a foreclosure sale invalid where mailed notice was attempted, but was sent to an incorrect address.[13] The purpose behind requiring actual notice to be mailed to the mortgagor's last address is to require a good faith effort to bring the intended foreclosure sale to the attention of the mortgagor so that he has an adequate opportunity to protect himself. While strict compliance with the personal notice statute is not a rigid jurisdictional requirement, failure to provide actual notice de-

3. *Dial v. Lathrop R–II School District*, 871 S.W.2d 444, 446 (Mo.1994).

4. *Sec.* 442.020. *See Grimes v. Rush*, 355 Mo. 573, 197 S.W.2d 310, 311(1946) and *McNeal v. Bonnel*, 412 S.W.2d 167, 169 (Mo.1967).

5. *Hrovat v. Bingham*, 341 S.W.2d 365, 368 (Mo.App.1960).

6. *See Graham v. Oliver*, 659 S.W.2d 601, 603 (Mo.App.1983) (citing *Cobe v. Lovan*, 193 Mo. 235, 92 S.W. 93 (1906)).

7. *See Id.* at 604 (citing *Spires v. Lawless*, 493 S.W.2d 65 (Mo.App.1973)).

8. *See Id.*(citing *Jackson v. Johnson*, 248 Mo. 680, 154 S.W. 759 (1912)).

9. *See Id.* (citing *Lustenberger v. Hutchinson*, 343 Mo. 51, 119 S.W.2d 921 (1938) and *St.*

*Louis Mut. Life Ins. Co. v. Walter*, 329 Mo. 715, 46 S.W.2d 166 (1932)).

10. The reference in *Williams I* to the Kimes' purchase of a life estate should not be interpreted to mean that title passed at the void sale. 949 S.W.2d at 901[4,5]. To the extent so interpreted, it should no longer be followed.

11. 952 S.W.2d 387 (Mo.App.1997).

12. *Id.* at 391.

13. *See IPI Liberty Village Assoc. v. Spalding Corners Assoc.*, 751 S.W.2d 120, 124 (Mo.App. 1988); *Macon–Atlanta State Bank v. Gall*, 666 S.W.2d 934, 939 (Mo.App.1984).

prives the mortgagor of a sufficient opportunity to protect his property interest.

■ Although the above cases refer to the rights of mortgagors who do not receive actual notice of the foreclosure sale, the notice requirements also apply to contingent remainder owners. Sec. 443.325.3(2) provides that *owners* are entitled to actual notice of the foreclosure proceeding. Because a contingent remainder interest is a present ownership interest capable of conveyance,[14] contingent remainder owners are entitled to the same opportunity as a mortgagor to protect their legitimate interest in property where their interest is subject to be wiped out by a foreclosure sale.

■ The respondents contend that *Michie v. National Bank of Caruthersville*[15] requires that the sale be upheld as a valid conveyance of a life estate. In that case, a buyer of real estate incorrectly thought that he was getting fee simple ownership in a land parcel purchased at a non-judicial foreclosure sale. When he later realized the foreclosure sale would convey only a life estate on the property, he sued the foreclosing bank seeking rescission of the sale and recoupment of his purchase price. The court of appeals eventually affirmed the lower court's decision that a buyer at a foreclosure sale purchases the property subject to the doctrine of *caveat emptor*. As a result, the foreclosure sale was deemed valid and the purchaser's recoupment action was denied.

The facts in the instant case are distinguishable from *Michie*. In *Michie*, the purchaser was held to the bargain he struck in a valid foreclosure sale, namely the life estate that was foreclosed. The National Bank of Caruthersville in *Michie* could only grant a life estate because that was the only interest to which its lien applied, as a foreclosure sale can convey no more than the deed of trust conveyed.[16]

In comparison, the Farmers Bank of Portageville had a lien on the title in fee simple. It is only because of the defect in the foreclosure sale caused by the failure to provide actual notice to the contingent remainder holders that anything less than fee simple title could be conveyed. *Michie* involved no failure to provide notice or similar defect that would invalidate the sale.

■ Here, the Kimeses are not requesting relief from an arms length bargain at a valid foreclosure sale. Their purchase has been deemed invalid by no fault of their own because the foreclosure trustee failed to give proper notice to the contingent remainder owners under section 443.325.3, RSMo. As a result, they are not requesting relief from a bad bargain at a valid sale, but instead ask the court to place them in their *ex ante* position after their purchase has been invalidated by virtue of a void sale.

For the foregoing reasons, the judgment of the circuit court is reversed, and the case is remanded for the entry of a new judgment vacating and setting aside the foreclosure sale and restoring the parties to their *ex ante* positions.

BENTON, C.J., PRICE, COVINGTON, HOLSTEIN and WOLFF, JJ., and SMART, Special Judge, concur.
LIMBAUGH, J., not participating.

---

14. *See* fn. 4, *supra.*

15. 558 S.W.2d 270 (Mo.App.1977).

16. *Pruitt v. St. Johns Levee & Drainage Dist.*, 341 Mo. 120, 106 S.W.2d 467, 472[8] (1937).