**CITY OF ST. LOUIS, Respondent,**

v.

**K & K INVESTMENTS, INC., et al., Appellants.**

**No. ED 76598.**

Missouri Court of Appeals, Eastern District, Division One.

July 11, 2000.

---

Sally Austin Mills, Clayton, for appellant.

Julius H. Berg, P.C., St. Louis, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellants, K & K Investments, Inc., Golden Delta Investment Corporation, Chase Mortgage Company and Two K Investments, Inc., appeal from the judgment of the Circuit Court of St. Louis County in favor of respondent, City of St. Louis, ("City"), granting City's motion for summary judgment on its action to set aside a foreclosure sale and deed and quiet title. We affirm.

The subject property was conveyed on January 14, 1971, by general warranty deed to Minnie P. Conway, for and during the term of her natural life, with full power to use and enjoy the same, and to sell, mortgage, lease or otherwise dispose of the fee simple title, with the remainder, undisposed of, at the time of her death, if any, to Janet Conway. The deed was recorded on March 8, 1971. By deed of trust dated January 14, 1971 and recorded April 1, 1971, Minnie P. Conway conveyed a security interest in the property to Dan Boyle, as Trustee for City-wide Mortgage, Co., to secure the sum of $16,800. The deed provides in part:

> Said party of the third part shall have the power successively to remove the above-mentioned Trustee or any successor Trustee, and to appoint in writing (acknowledged and recorded), a successor to such Trustee, which successor shall succeed to the title and all of the rights and powers of the original Trustee. . . .

> Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender includes all genders.

On June 1, 1997, Source One Mortgage Services Corporation assigned the deed of trust to Chemical Mortgage Company. The assignment was recorded December 1, 1997.

On January 22, 1998, Janet M. Conway died.

On March 12, 1998, by "Appointment of Substitute Trustee," Chemical Mortgage Company removed Dan Boyle as Trustee and appointed Berry F. Laws, III, Richard L. Martin, Thomas J. Fritzlen, Jr., and Geri L. Dreiling, as "Alternate Successor Trustees," under the deed of trust.

On March 23, 1998, Notices of Trustee's Sale under the deed of trust were sent by certified mail to Minnie P. Conway and Janet M. Conway.

On March 26, 1998, four of the alternate successor trustees, Berry F. Laws, III, Richard L. Martin, Thomas J. Fritzlen, Jr., and Debbie Boesch, advertised the foreclosure sale which ran until April 23, 1998.

On March 27, 1998, Minnie P. Conway, by her attorney in fact, Keith Conway,

recorded a general warranty deed conveying the property to the City of St. Louis.[1]

On or about March 31, 1998, the notice of trustee's sale, mailed via certified mail to Janet M. Conway, was returned to the Law Offices of Martin, Leigh and Laws, marked "deceased."

On April 23, 1998, Berry F. Laws, III, as alternate successor trustee, conveyed the property to K & K Investments, ("K & K"), for $6,655.29. On that same day, by quitclaim deed, K & K conveyed an undivided one-half interest in the property to Golden Delta Investment Corp., ("Golden Delta"). The deeds were recorded on April 28, 1998, and May 4, 1998, respectively.

On or about July 31, 1998, City filed its petition to set aside foreclosure sale and deed and quiet title.

On or about December 15, 1998, a motion to substitute parties was filed, to substitute Two K Investments, Inc., for Chase Mortgage Company, f/k/a Chemical Mortgage Company.

On or about June 18, 1999, City filed its motion for summary judgment.

On July 22, 1999, the trial court entered a judgment for City, finding Berry F. Laws, III, had no authority to act as trustee to conduct the foreclosure sale, as he was not validly appointed as such. The trial court found the foreclosure sale to be null and void because sale took place within six months after the death of an owner, (Janet Conway), in contravention to Section 443.300 RSMo 1994 .[2]

K & K, Golden Delta, Chase Mortgage Company and Two K Investments, Inc. appeal.

Appellants raise numerous points on appeal; we will address those necessary to dispose of the case at bar.[3]

When considering appeals from summary judgment, we review the record in the light most favorable to the non-movant, and give that party the benefit of all reasonable inferences. *ITT Commercial Finance Corp. v. Mid–America Marine*, 854 S.W.2d 371, 376 (Mo.banc 1993). Our review is essentially de novo. *Id.* "A trial court's entry of summary judgment will be affirmed if it is sustainable as a matter of law on any ground." *Weil v. Kirn*, 952 S.W.2d 399, 401 (Mo.App. E.D.1997).

■ Appellants argue the trial court erred in granting City's motion for summary judgment because the sale of the property by foreclosure, within six months of the death of Janet M. Conway, was not prohibited by Section 443.300. We disagree.

Section 443.300, Death of debtor, foreclosure stayed provides:

> If any person shall die owning real estate on which there is an outstanding deed of trust or mortgage of real estate, or having subjected personal property to a security interest with a power of sale, shall die, no sale shall take place under the deed of trust or mortgage conveying real estate within six months after the death of such person, and no sale shall take place of personal property so subjected to a security interest within four months after the death of the person.

In *Williams v. Kimes*, 996 S.W.2d 43, 45 (Mo.banc 1999), the Supreme Court held that contingent remainder holders were owners, entitled to notice under Section 443.325.3(2). Under section 443.325.3(2), owners of property as of forty days prior to the scheduled foreclosure date, are entitled to actual notice of the proceedings. The Supreme Court found the "failure to

---

1. It appears from the record that the property was conveyed on March 18, 1998.

2. All statutory references are to RSMo 1994 unless otherwise indicated.

3. Each appellant filed their own brief and many of their arguments were duplicative. Therefore, we combined them and address the points generally, as from "appellants", rather than specifically addressing each appellant's argument.

provide notice of a foreclosure sale to owners of the foreclosed property is a substantial defect sufficient to render the sale void and prevent the transfer of title in the property". Therefore, the court set aside the foreclosure and restored the parties to their ex ante positions. *Id.*

In the case at bar, we have no issue with Section 443.325.3(2) because Janet Conway was sent notice of the foreclosure date. However, Section 443.300 is at issue because if a person dies owning real estate, foreclosure is stayed for six months. The plain reading of Section 443.300 and the Supreme Court's findings in *Williams v. Kimes*, dictates that Janet Conway, who had a remainder interest in the property at the time of her death, was indeed a person who died owning real estate. Further, *Williams v. Kimes* dictates the proper remedy was for the foreclosure to be set aside and for the parties to be restored to their ex ante positions.

■ In a different point on appeal, appellants argue that Janet Conway had only a contingent interest in the property and that her interest was extinguished upon her death. Appellants argue this point based on definitions found in the Nonprobate Transfers Law, sections 461.003 to 461.081. However, section 461.081 specifically illustrates why appellants' arguments fail. It provides:

> Sections 461.003 to 461.081 shall apply to beneficiary designations for non-probate transfers made on and after August 28, 1989. Sections 461.003 to 461.081 shall apply to all non-probate transfers occurring on and after January 1, 1990.

The property in question was conveyed to Minnie Conway, as a life estate with power to dispose, remainder to Janet Conway, on January 14, 1971, which is well before the August 28, 1989 applicable date in the statute.

■ In another point on appeal, appellants argue before Section 443.300 is triggered, the deceased must have owned the property at the time of his or her death,

*and* at the time of the prohibited foreclosure sale. Again we direct appellants to Section 443.300 which states in part: "If any person shall die owning real estate ... no sale shall take place ..." Under a plain reading of the statute, the statute is triggered when a person who owns property, with an outstanding deed of trust or mortgage of real estate, dies. When an owner of such property dies, the property cannot be foreclosed on for six months. In the instant case, on or around March 31, 1998, the trustee received the certified letter that had been sent to Janet Conway; the letter was marked "returned to sender" and "deceased." Therefore, under the statute, the trustee should have stopped the foreclosure when it received that letter. The statute does not require that the person who died owning the real estate also own the real estate when it is foreclosed on, because the statute mandates such foreclosure not occur.

■ In another point on appeal, appellants argue City does not have standing to assert any purported invalidity of the foreclosure sale. Appellants argue because City did not derive its interest in the property through Janet M. Conway or her heirs, grantees, or successors, the City does not have standing to prove the purported superiority of its title to the property, through a title derived from Janet M. Conway or her heirs, grantees, or successors.

Appellants cite *Manard v. Williams*, 952 S.W.2d 387, 389 (Mo.App. S.D.1997) stating the proponent of a quiet title action has "the burden to prove title superior to the other party, not superior to the whole world, and must prevail on the strength of [its] own title and not on any weaknesses in the title of the other party." (quoting *Ollison v. Village of Climax Springs*, 916 S.W.2d 198, 203 (Mo.banc 1996)). Appellants maintain because City did not derive its interest in the property through Janet M. Conway or her heirs, grantees, or successors, the City does not have standing to

prove the purported superiority of its title. We disagree.

 "Standing requires that a party seeking relief have a legally cognizable interest in the subject matter and that he has a threatened or actual injury." *Wahl v. Braun*, 980 S.W.2d 322, 325 (Mo.App. E.D.1998) (quoting *Eastern Missouri Laborers Dist. Council v. St. Louis County*, 781 S.W.2d 43, 45 46 (Mo.banc 1989)). In the case at bar, City was the record owner of the property at the time of the foreclosure sale, and if the foreclosure was found valid, would have lost said property. Therefore, City had a legally cognizable interest in the subject matter and had a threatened injury.[4]

Appellants also argue that the trial court erred in granting City's motion for summary judgment because appellants contend the appointment of the alternate successor trustee was proper. Based on our resolution of the prior points, which affirms the trial court setting aside of the foreclosure and quieting title, we decline to address this point.

In closing, we note that as the parties were returned to their ex ante positions, appellants[5] still hold a mortgage on the property, and as such, are entitled to have the City pay the debt.

As necessary for the resolution of this case, appellant Two K's motion to substitute, is hereby granted.

Based on the foregoing, we affirm the judgment of the trial court.

PAUL J. SIMON and JAMES R. DOWD, JJ., concur.

4. We also note, City derived its interest through a conveyance from Minnie Conway who, it appears from the record, was Janet Conway's mother.

5. As there are multiple appellants, we decline to sort out who is entitled to what, but merely note the issue generally.