BROWN et al., Appellants, v. FULKERSON.

Division One, December 10, 1894.

Contingent Remainder, Vendibility of. A contingent remainder may be conveyed by the owner thereof under the laws of this state.

Appeal from Jackson Circuit Court.—JOHN A. SEA, Esq., Special Judge.

AFFIRMED.

C. F. Moulton and James M. Callahan for appellants.

John W. Clements and John P. Flournoy for respondent.

(1) The conveyance to Catharine Woodall and the heirs of her body unquestionably created, at common law, an estate tail; and after the passage of the statute De Donis, which created estates tail, it was possible to limit a remainder, either vested or contingent, after such a conveyance to one and the heirs of her body. 2 Washburn on Real Property, p. 593, par. 13, and

cases cited. (2) By our statute this estate tail in Catharine Woodall is broken into a life estate and a remainder in fee simple absolute. R. S. 1889, sec. 8836, first embodied in our statutes in 1825. (3) The limitation over, in case Catharine Woodall die without issue is to the surviving heirs of the testator, Jacob Johnson. By our statutes, under such a limitation, the life estate is passed to Catharine Woodall, and the remainder in fee simple absolute to those who would first take in case Catharine Woodall should die without issue. *Farrar v. Christy's Adm'rs*, 24 Mo. 453; *Harbison v. Swan*, 58 Mo. 147; *Thompson v. Craig*, 64 Mo. 312. (4) The limitation over to the heirs of Jacob Johnson, even if it were not valid as a technical remainder, is good as an executory devise. 2 Washburn on Real Property, p. 28, par. 31; *Naylor v. Goodman*, 109 Mo. 543; *Chew v. Keller*, 100 Mo. 363. (5) No limitation over will be deemed an executory devise if it can be construed to take effect as a remainder. *Manders v. Lukens*, 62 Am. Dec. 312; *Roach v. Martin's Lessees*, 27 Am. Dec. 748; Tiedeman on Real Property, 536 and 542. (6) If the word "heirs," where it occurs in the last section of the will in the clause "my surviving heirs," be read children, a series of cross remainders are created by this will; and a vested remainder in the land in question is passed to the brother and the five sisters of Catharine Woodall. *Farrar v. Christy's Adm'rs*, 24 Mo. 453; *Harbison v. Swan*, 58 Mo. 147; *Thompson v. Craig*, 64 Mo. 312; *Wood v. Kice*, 103 Mo. 334. (7) If the word "heirs" is in that clause given its strict and usual meaning, a contingent estate is limited, after the death of Catharine Woodall without issue, to those who answer the description at her death of heirs of Jacob Johnson. (8) On the first theory the plaintiffs, as heirs of Catharine Woodall's deceased sisters and brother, took a vested

remainder in the land in question, on the death of all those sisters and brother in whom it first vested; and on the other theory, as heirs of Jacob Johnson, they took a contingent remainder; and either a vested or contingent remainder is alienable under the laws of Missouri. R. S. 1879, secs. 668, 669 and 700, which are same as R. S. 1889, secs. 2395, 2396 and 2431. 2 Washburn on Real Property, pp. 562, 680, 700, 714, and cases cited; *Jones v. Roe*, 3 T. R. 88–98; Wilson on Uses, 157, 159; Williams on Real Property, 260; *White v. McPheeters*, 75 Mo. 286; *Smith v. Pendell*, 48 Am. Dec. 146; *Godman v. Simmons*, 113 Mo. 122; *Lackland v. Norris*, 3 Mo. App. 335.

MACFARLANE, J.—This is an action in ejectment to recover the south half of lot 20 in Hansbaugh's addition to the city of Independence. It is agreed that Jacob Johnson is the common source of title. His will is the same that was construed in *Brown v. Rogers*, *ante*, p. 392. For its provisions see that opinion.

The fourth paragraph of the will devised to Catharine Woodall, a daughter of the testator, and the heirs of her body the land in dispute. According to the construction given to the will the said devisee, Catharine Woodall, took a life estate only in this property with remainder in fee to her heirs. The said Catharine died May 20, 1889, without ever having had issue of her body. The plaintiffs, Rowena Brown and Elizabeth Blakely, daughters of Eliza Buford, a sister of deceased, and their brothers, William and John Buford, were, at the death of the said Catharine, her sole surviving heirs.

On the twenty-first day of February, 1881, plaintiffs, their husbands joining, executed, acknowledged and delivered, all in due form, a deed whereby they did "grant, bargain, sell, convey and confirm" unto

one James B. Forbis, Jr., "all their right, title and interest" in said lot. The deed contained full covenants of seizin in addition to those implied by the words grant, bargain and sell. Defendants are in possession claiming title under this deed.

As the construction of the will of Jacob Johnson was settled in the *Brown case, supra*, we have only now to inquire as to the effect of the deed made by plaintiffs prior to the death of the life tenant, Catharine Woodall.

The right of the plaintiffs, at the date of the conveyance, to come into the enjoyment of the property in question was contingent upon their survival of Mrs. Woodall who held the life estate. They had at that time neither an immediate right of present enjoyment nor a present fixed right of future enjoyment. The right of future enjoyment was uncertain and the remainder was consequently contingent. 4 Kent's Com., Lecture 59; *Aubuchon v. Bender*, 44 Mo. 560; *Emison v. Whittlesey*, 55 Mo. 254; *Emerson v. Hughes*, 110 Mo. 627.

But all interests in real estate are vendible under the laws of this state, and it has been expressly held by this court that a contingent remainder is an interest which is vendible by the owner or on execution against the owner thereof. *Godman v. Simmons*, 113 Mo. 127, and cases cited.

We are of the opinion, therefore, that the deeds from plaintiffs conveyed their interest in the land, and upon the death of the life tenant the remainder vested in their grantee. Judgment affirmed. All concur.