A. C. Grimes, Bertha Boone and Thersa Welker, Appellants, v. Earl M. Rush, Norma Cowden, Loise Rush, Lascelles Rush, Di'Lores Horst, and Lowell Parscale.—No. 39825.—197 S. W. (2d) 310.

Division Two, November 11, 1946.

*Herman Pufahl* for appellants.

574

*Haymes & Haymes* for respondents.

BOHLING, C.—The underlying issue is whether a quitclaim deed passes a contingent remainder interest of the fourth class; that is, a contingent remainder wherein the person to take is not ascertained as of the date of the grant. More precisely: Does the quitclaim deed of presumptive "heirs of the body" of the life tenant during the life tenant's lifetime divest such grantors of their chance to succeed to the title in the event they survive and classify as "heirs of the body" on the death of the life tenant? Missouri cases in effect rule the issue in the affirmative. The instant action was to determine title, for ejectment and for partition of land in Dallas county. The facts are few.

Fountain Hale, the common source of title, and his wife, conveyed the real estate in 1886 "to Virginia I. Grimes for life and then to the heirs of her body." Virginia I. Grimes had three children: A. C., Bertha (now Boone), and Thersa (now Welker), the plaintiffs here. Arrangements were made for the purchase of the land by Elvin Anderson in 1919. Mrs. Grimes came from Oklahoma to Missouri to close the transaction. She was accompanied by her daughter Thersa and brought with her deeds to the land from A. C. and Bertha. Plaintiffs contend that all of the deeds were quitclaim deeds. De-

fendants contend the covenants in some of the deeds caused them to be more than quitclaim transfers. We proceed on the theory they were quitclaim deeds without discussing defendants'' contentions arising from the different language in the several deeds. The deed of Mrs. Grimes and her husband is dated April 7, 1919; that of Bertha Boone and her husband is dated April 9, 1919; that of A. C. Grimes is dated January 8, 1915; and that of Thersa is dated April 18, 1919. A. C. and Thersa were single at the time of their respective conveyances. Each of said deeds recited that the consideration was "One Dollar and other valuable considerations." Each was duly filed and recorded on December 17, 1919.

Virginia I. Grimes died in 1940. All of her said children survived her and qualified as heirs of her body and as the sole heirs of her body. D. M. Rush acquired the real estate. He died intestate. The defendants Earl M. Rush, Norma Cowden, Loise Rush, Lascelles Rush, and Di'Lores Horst are his sole heirs. Defendant Lowell Parscale occupies land as tenant.

Fountain Hale's deed would have created an estate tail at common law. This estate was transformed by our statute (Sec. 3498, R. S. 1939) so far as essential here, so as to vest a life estate in the land in Virginia I. Grimes and a contingent remainder in her children and the fee in said children surviving her and qualifying as "heirs of her body," the contingency existing as to persons not ascertained when the grant was made, contingent remainders of the "fourth class." 1 Fearn on Remainders, p. 4; 31 C. J. S., p. 91, n. 38.

Contingent remainders of this class were considered merely a possibility of an estate at common law and, for that reason, not alienable inter vivos to strangers. The modern rule is that contingent remainders are ordinarily alienable. Based upon statutory enactment (Sec. 3401, R. S. 1939, authorizing the conveyance "of lands, or of any estate or interest therein"), Missouri cases rule in broad terms that contingent remainders are alienable. Sufficient reasons, founded on statute and departures of modern life from that existing under the English Feudal system, are stated in Godman v. Simmons, 113 Mo. 122, 129, 20 S. W. 972, 973.* Present day contingent remainders may not be defeated through the ancient method of fine or recovery.

*See, among others, Bopst v. Williams, 287 Mo. 317, 332(V), 229 S. W. 796, 800[7] (citing cases); Schee. v. Boone, 295 Mo. 212, 224, 243 S. W. 882, 885[7]; Brown v. Fulkerson, 125 Mo. 400, 28 S. W. 632; Summet v. City Realty & Brok. Co., 208 Mo. 501, 513(IV), 106 S. W. 614, 617(4); Donaldson v. Donaldson, 311 Mo. 208, 278 S. W. 686. Consult generally 31 C. J. S. Estates, p. 101, Sec. 88, c; 21 C. J. Estates, p. 998, Secs. 156, 157; 26 C. J. S. Deeds, p. 189, Sec 15, b, p. 414, Sec. 117; 18 C. J. Deeds, p. 318, Sec. 310, p. 162, n. 39; 33 Am. Jur., Life Estates, Remainders, etc., p. 616, Sec. 150; 2 Restatement, Law of Property, p. 587, Sec. 162; 4 Thompson, Real Property, 771, Sec. 2230; 2 Tiffany, Real Property (3rd Ed.), p. 73, Sec. 341; 3 Simes, Future Interests, p. 145, Secs. 708-714; 4 Kent's Commentaries, p. *261; Kales Estates, Future Interests, etc. (2d Ed.), p. 335, Secs. 320-322; 5 Mo. Law Bulletin, p. 14.

They constitute interests in land of far greater dignity and substance than existed when they were held inalienable at common law. The reasons for restraints on alienation under the feudal system no longer exist.

But, plaintiffs claim the conveyances in Godman v. Simmons, supra, were more than quitclaim transfers of the contingent remainder interests; that quitclaim deeds do not convey after-acquired titles; and that, hence, their quitclaim deeds did not pass their contingent remainders which vested upon the death of the life tenant. A "remainder" implies that part has been previously disposed of; and a characteristic of a remainder is that it commences or passes out of the grantor at the time the particular estate is created. 31 C. J. S., p. 94, 2 Blackstone 165, 167(2). Section 3500, R. S. 1939, provides that where a remainder is limited to the heirs of the body of the life tenant that the remaindermen who qualify as "heir or heirs of the body" "take as purchasers in fee simple, by virtue of the remainder so limited in them." Thus, the plaintiffs derived their title as purchasers under the deed of Fountain Hale and not by inheritance from their mother. Heady v. Crouse (Banc), 203 Mo. 100, 119(II), 100 S. W. 1052, 1057, 120 Am. St. Rep. 643. They held their title contingently from and after said deed until the death of their mother; that is, subject to it being defeated by their predeceasing their mother or being defeated in part by the birth of other children who with them thereafter qualified as "heirs of her body." The only title they now set up is that of a purchaser under said deed and this record discloses they rely solely upon their grandfather's said deed. This is not the after-acquired title involved in plaintiffs' cases; for instance, Williams v. Reid (Mo.), 37 S. W. 2d 537, a title acquired subsequently to the quitclaim deed.

We have ruled: "For the purpose of transferring title a quitclaim is as effective as any other deed, barring outstanding equities, not the subject of record, and barring recourse on covenants of warranty." Weissenfels v. Cable, 208 Mo. 515, 534(III), 106 S. W. 1028, 1034(3). See Hendricks v. Calloway, 211 Mo. 536, 563(V), 111 S. W. 60, 68(5); 26 C. J. S. Deeds, p. 189, nn 59, 63, p. 415, Sec. 118; 18 C. J. Deeds, p. 314, Sec. 299, nn 52-54; 16 Am. Jur. Deeds, p. 625, Secs. 331, 332. The discussion in Godman v. Simmons, supra, proceeds on the theory quitclaim deeds were before the court. The deeds involved in Donaldson v. Donaldson and Schee v. Boone, cited in the note supra, included quitclaim conveyances of contingent remainders of the fourth class although any possible effect of that factual element was not discussed. Our holdings that a contingent remainder held by a judgment debtor is subject to effectual sale under execution are in harmony. Bock v. Whelan (Mo.), 30 S. W. 2d 607, 608[4]; Donaldson v. Donaldson, supra; Gordon v. Tate, 314 Mo. 308, 284 S. W. 497; White v. McPheeters, 75 Mo. 286; Annotation, 60 A. L. R. 803.

The answer set up the title in defendants as hereinbefore discussed. It stated facts sufficient to support the judgment.

Accordingly, the quitclaim deeds of the contingent remaindermen in 1919, the then heirs apparent of the tenant for life, were effective to transfer all the right, title, and interest in and to the land they then held, i. e., their chance to succeed to the fee simple estate, their contingent remainders; and upon their surviving the life tenant as the sole "heirs of her body" said deeds effected the transfer of the fee simple title to said land to their grantee and through him eventually to defendants. What we have said disposes of the collateral matters mentioned in the briefs.

The judgment is affirmed. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.