**In re: Thomas R. HOLTER, Debtor.**

**Thomas R. Holter, Plaintiff,**

**v.**

**Claire Ann Resop, Defendant.**

**Bankruptcy No. 08–12209.**
**Adversary No. 08–168.**

United States Bankruptcy Court, W.D. Wisconsin.

Jan. 26, 2009.

Michael E. Kepler, Kepler & Peyton, Madison, WI, for Plaintiffs.

Seth W. Goettelman, Madison, WI, for Defendants.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Bankruptcy Judge.

Thomas Holter filed a chapter 7 case on May 5, 2008. On May 31, 2008, his aunt, Mabel Holter, died. Mabel was the owner of two Payable On Death accounts that named six beneficiaries. One of the beneficiaries was Holter. Holter received one check for $17,972.75 and another for $11,665.18 pursuant to the terms of the accounts. Holter's attorney then turned over the $17,972.75 check and $1,425.18 of the second check to the chapter 7 trustee, Claire Ann Resop, in the belief that he had inherited property within 180 days of the filing of the bankruptcy case. Upon further reflection, Holter, through his attorney, demanded the return of the monies, arguing that they were not property of the estate. The trustee refused, and this adversary proceeding followed.

The Bankruptcy Code provides that the bankruptcy estate is "comprised of all the following property, wherever located and by whomever held: (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (2008). Property of the estate also includes

[a]ny interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

(A) by bequest, devise, or inheritance. *Id.* § 541(a)(5)(A). Property of the estate is determined by state law concepts of property. *See Barnhill v. Johnson,* 503 U.S. 393, 398, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992) ("In the absence of any controlling federal law, 'property' and 'interests in property' are creatures of state law.").

The terms "bequest," "devise," and "inheritance" are not defined in the Bankruptcy Code. Wisconsin's probate code defines "devise" as "a testamentary disposition of any real or personal property by will." Wis. Stat. § 851.065 (2007–08). It does not define "bequest" or "inheritance." The Wisconsin Supreme Court adopted a Black's Law Dictionary definition to define: "That which is inherited or to be inherited. [as] Property which descends to heir on the intestate death of another. An estate or property which a person has by descent, as heir to another, or which he may transmit to another, as his heir." *See Lang v. Lang,* 161 Wis.2d 210, 467 N.W.2d 772, 776 (1991) (" 'Inheritance' was placed by the legislature in sec. 767.255 next to three terms with a technical meaning in the law: gift, bequest, and devise.... In this context, inheritance should be given the technical meaning it is assigned in the law.") (citation omitted). "Bequest" does not appear to be specifically defined by Wisconsin statutes or case law, but is defined in Black's Law Dictionary, Sixth Edition, as "A gift by will of personal property; a legacy."

By its plain meaning as supplied by Wisconsin law, § 541(a)(5)(A) does not add

a post petition receipt of funds held in a P.O.D. account to the bankruptcy estate of the recipient. And § 541(a)(1) does not reach the funds acquired post petition unless the debtor had a legal or equitable interest in the P.O.D. account before the bankruptcy petition was filed.

It appears that only two bankruptcy courts have confronted this precise issue. *See In re Hall,* 394 B.R. 582, 594–95 (Bankr.D.Kan.2008); *In re Taylor,* No. 05–93559, 2006 WL 1275400, at *2 (Bankr. C.D.Ill. May 9, 2006). Both courts concluded that receipt of the proceeds of a P.O.D. account is not an inheritance, bequest, or devise. The property did not pass through intestate succession or by will, but rather by way of a contractual obligation.

■ If the funds are not an inheritance, bequest, or devise, did Holter's status as a beneficiary of a P.O.D. account create a contingent interest in property at the time he filed his bankruptcy? Here again, it is appropriate to consider Wisconsin law to determine whether Holter had a contingent interest in property.

Wisconsin law provides, under the heading "Ownership during lifetime," that "[a] P.O.D. account belongs to the original payee during the original payee's lifetime and not to the P.O.D. beneficiary or beneficiaries." Wis. Stat. § 705.03(2). In addition, Wisconsin law provides that a party "means a person who, by the terms of an account, has a present right, subject to request, to payment therefrom other than as an agent." *Id.* § 705.01(6). The statute continues: "A beneficiary of a P.O.D. account is a party only after the account becomes payable to the beneficiary by reason of the beneficiary's surviving the original payee." *Id.* The term "party" in this context refers only to a person's status as a party to the account; it has no bearing

on standing. *See Brooks v. Bank of Wisconsin Dells,* 161 Wis.2d 39, 467 N.W.2d 187, 189 (Wis.App.1991) ("We conclude, therefore, that the definition of 'party' in sec. 705.01(6), Stats., relates only to the person or persons who are parties to a multiple-party or agency account. It has nothing to do with legal standing to sue a depositor's agent for alleged negligence in maintaining a POD account.").

It appears that only one (unpublished) case has construed both cited subsections of § 705. *See Sepanek v. M & I Bank of Burlington,* 570 N.W.2d 252 (Table), at *2 (Wis.App. Aug.20, 1997). In *Sepanek,* the sole beneficiary of the decedent's will brought suit against a bank which held P.O.D. accounts for the decedent. Prior to the decedent's death, the beneficiary of the will was given power of attorney for the decedent, and he inquired of the bank whether anyone else had any interest in the P.O.D. accounts. The bank did not indicate that anyone held an interest in the accounts. Only after the decedent's death did the beneficiary of the will learn that a third party was the designated beneficiary of the P.O.D. accounts. The trial court granted summary judgment to the bank and held that it made no misrepresentations to the beneficiary of the will. The appellate court upheld the trial court and noted that the lawsuit "necessarily hinges on a contention that Gould [P.O.D. beneficiary] had a legally recognizable interest in the accounts before Irene [decedent] died." *Id.* The court then cited §§ 705.03(2) and 705.01(6) and wrote

> Applying these statutes, we reject Joseph [will beneficiary]'s claim that Gould had a legal interest in the accounts before Irene died which should have been disclosed by the Bank. Under the statutes, Gould was not a party to the account and did not have an interest in it until Irene died and Gould presented

proper proof of her P.O.D. beneficiary status.

*Id.*

Other state courts have considered whether a P.O.D. beneficiary has an interest in a P.O.D. account prior to the original payee's death. *See In re Estate of Allmaras,* 737 N.W.2d 612 (N.D.2007); *Farris v. Cook,* Nos. 27846, 27889, —— S.W.3d ——, 2007 WL 2482253 (Mo.Ct.App. Sept.5, 2007). In *Allmaras,* the decedent owned P.O.D. accounts that designated her twenty-one nieces and nephews beneficiaries. Later, the decedent executed a valid will that provided for payment of the funds in the P.O.D. account to only thirteen of the twenty-one nieces and nephews. Prior to the decedent's death, she executed a power of attorney. One of the attorneys-in-fact wrongfully withdrew all of the money from the P.O.D. accounts and converted it to her own personal use. She was later prosecuted and ordered to pay restitution. One week before the decedent died, the attorney-in-fact repaid the stolen money, but no P.O.D. account was created. When the decedent died, the excluded nieces and nephews sued the estate for a share of the former P.O.D. account funds. The court noted that "a P.O.D. beneficiary has no present interest in the account, no right to prevent the depositor from removing the account funds and effectively destroying the beneficiary designation, and no right to preclude the depositor from changing or removing the beneficiaries on the account." *Id.* at 617.

The *Farris* court notes the differences between the interests created by a grant of a life estate and remainder interest and the interests created by establishment of a P.O.D. account. The personal representative of an intestate decedent's estate argued that the decedent's P.O.D. account created a life estate in the decedent and a remainder interest in the P.O.D. beneficia-

ry. Resolution of that legal issue affected the estate's federal estate tax liability. The court made the following ruling:

> This court does not find that a POD account is a transfer with retained life estate. A POD account creates no interest in a named payable-on-death designee when the account is established. The person who establishes a POD account owns that account and has sole control over the account. § 369.186.1. As the owner of the account, he or she is "entitled to cancel, change, give away, or otherwise deal with the account as if no other person were named in the account." *Id. Whereas, the creation of a life estate divests the grantor of the remainder interest so established and vests that remainder in the grantee at the time the particular estate is created. Grimes v. Rush, 355 Mo. 573, 197 S.W.2d 310, 312 (1946). The remainder passes at the time the estate is created.*
>
> *Id.* (emphasis supplied).

Although one court has concluded, without significant discussion, that "the Debtor's interest in the Payable on Death Funds was a contingent interest at the time of her filing for bankruptcy, [and] it was none the less [sic] an interest that is included as an asset of the Debtor's Chapter 7 estate pursuant to the sweeping language of § 541(a)(1)," *Taylor*, 2006 WL 1275400, at *2, another has concluded that no contingent interest existed at the time of filing. *See Hall*, 394 B.R. at 595. ("Debtors had no interest in the POD account at the date of filing."). The *Hall* court relied on the structure of the Bankruptcy Code itself to reach its conclusion:

> The Court can think of no factual or legal basis why the "contingent interest" as a beneficiary of a POD account should be included as property of the estate under § 541(a)(1), while a "contingent interest" as beneficiary of a will would be excluded. In both cases, the debtor has absolutely no right or access to the property until the death of the owner, the name of the beneficiary can be changed at any time without recourse, and the owner of the property can spend the money in any manner he or she chooses, leaving nothing for the beneficiary at death. If such "contingent interests" are to be included in § 541(a)(1), there is no need to include property obtained by will in § 541(a)(5). In fact, including such an interest in § 541(a)(1) would expand on what is authorized under § 541(a)(5), because if the interest is property of the estate under § 541(a)(1), there is no limit on when the debtor's interest must vest. The 180 day period that applies to property under § 541(a)(5) is not applicable to property that is brought into the estate under § 541(a)(1)—meaning a trustee could claim the interest of any debtor who, at the date of filing their petition, was a potential beneficiary under a POD account or a will, even if the debtor's rights to the property did not vest (if ever) until years later.

*Hall*, 394 B.R. at 596.

The latter view is certainly correct. When the drafters of the Bankruptcy Code intended to include expectancies to which no legal rights attach (such as those of a person named in a will), they recognized the need to be specific and not rely on the general language of § 541(a)(1). Had they wished broader coverage they could have identified the proceeds of P.O.D. accounts. Or they might have employed the term "includes" as construed in § 102(3) to enlarge "bequest, devise, or inheritance." But, they were specific as to bequests and devises under a will and may be presumed to have been intentional in not adding funds paid a surviving beneficiary of a P.O.D. account.

The proceeds of the P.O.D. account received by Holter are not property of his

bankruptcy estate. Accordingly, Holter's motion for summary judgment must be granted. It may be so ordered.

### ORDER

The Court having reached the conclusions of law contained in the memorandum decision filed this date, it is hereby ORDERED that

1. The motion of the Plaintiff for summary judgment is GRANTED; and

2. Plaintiff may have JUDGMENT against Defendant in the amount of $19,397.93 plus interest at the legal rate.