COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



EX PARTE:   JUAN CARPIO-CRUZ.　　§

§　　　No. 08-10-00240-CR

§

§　　　Appeal from the

§

§　　　Criminal District Court No. 1

§

§　　　of El Paso County, Texas

§

§　　　(TC# 20090D02854-DCR-1)

## OPINION ON REMAND

In June 2009, Juan Carpio-Cruz, a Mexican national, was indicted for the state jail felony offense of possession of cocaine.　In November 2009, Carpio-Cruz pleaded guilty pursuant to a plea agreement, to a lowered, class A misdemeanor possession offense.　The trial court deferred adjudication and placed Carpio-Cruz on community supervision for eleven months.　Following his plea, the Department of Homeland Security detained Carpio-Cruz and an immigration judge ordered he be deported to Mexico.　In May 2010, Carpio-Cruz filed a petition for writ of habeas corpus alleging ineffective assistance of counsel arising from his plea counsel's failure to advise him that a guilty plea would lead to his deportation.　The trial court granted Carpio-Cruz's requested habeas corpus relief, and the State appealed to this Court.

We affirmed the trial court's order and determined Carpio-Cruz met his burden of

establishing ineffective assistance of counsel based on *Padilla v. Kentucky,* 559 U.S. 356, 373, 130 S.Ct. 1473, 1486, 176 L.Ed.2d 284 (2010). *Ex parte Carpio-Cruz,* No. 08-10-00240-CR, 2011 WL 5460848 (Tex. App.—El Paso Nov. 9, 2011), *judgment vacated*, No. PD-1872-11, 2013 WL 1149964 (Tex.Crim.App. Mar. 20, 2013). The Court of Criminal Appeals subsequently vacated our judgment and remanded the case for our consideration in light of its opinion in *Ex parte De Los Reyes,* which addressed the issue of *Padilla's* retroactivity. *Ex parte Carpio-Cruz,* No. PD-1872-11, 2013 WL 1149964, at *1 (Tex.Crim.App. Mar. 20, 2013). *See Ex parte De Los Reyes,* 392 S.W.3d 675, 679 (Tex.Crim.App. 2013).

## BACKGROUND

The trial court heard Carpio-Cruz's writ application and entered written findings of fact and conclusions of law. The trial court found that Carpio-Cruz and his wife had informed plea counsel that Carpio-Cruz had been a legal permanent resident in the United States for less than five years at the time of his arrest. The trial court further found plea counsel only advised Carpio-Cruz his guilty plea could affect his immigration status, not that it would lead to immigration proceedings and deportation. Applicable immigration law clearly states an alien is deportable after being convicted of any violation of a law or regulation relating to a controlled substance, and a plea under deferred adjudication is considered a conviction for immigration law purposes. 8 U.S.C. § 1101(a)(48)(A); 8 U.S.C. § 1227 (a)(2)(B)(i). The trial court concluded Carpio-Cruz received ineffective assistance of counsel under *Padilla v. Kentucky,* because his trial counsel misadvised him of the immigration consequences of his guilty plea. The trial court concluded that counsel was ineffective because the terms of the immigration statute are succinct, clear, and explicit that Carpio-Cruz would be deported from the United States if he entered a

2

guilty plea to the cocaine charge as he was ineligible for cancelation of removal since he had not been a legal permanent resident for at least five years, and counsel failed to advise him of this fact. *Padilla,* 559 U.S. at 368-69, 130 S.Ct. at 1483.

The trial court granted Carpio-Cruz's requested relief, withdrew his November 30, 2009 guilty plea, and vacated the order of deferred adjudication. The State appealed to this Court and we affirmed the trial court's determination applying *Padilla* retroactively. *Ex parte Carpio-Cruz,* No. 08-10-00240-CR, 2011 WL 5460848 (Tex. App.—El Paso Nov. 9, 2011), *judgment vacated*, No. PD-1872-11, 2013 WL 1149964 (Tex.Crim.App. Mar. 20, 2013). The State then petitioned the Texas Court of Criminal Appeals for discretionary review. *Ex parte Carpio-Cruz,* PD-1872-11, 2013 WL 1149964 (Tex.Crim.App. Mar. 20, 2013). We reconsider the trial court's determination of ineffective assistance of counsel on remand.

## DISCUSSION

### *Standard of Review*

We review a trial court's ruling on an application for writ of habeas corpus for an abuse of discretion, examining the evidence in a light most favorable to the trial court's ruling, affording almost total deference to the trial court's determination of historical facts. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex.Crim.App. 2006).

When claiming ineffective assistance of counsel in entering a plea, a defendant must establish that: (1) defense counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability exists that, but for counsel's ineffectiveness, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Ex parte Moussazadeh*, 361 S.W.3d

3

684, 691 (Tex.Crim.App. 2012).

The claimant bears the burden of establishing both prongs of the *Strickland* test by a preponderance of the evidence. *Ex parte Martinez,* 330 S.W.3d 891, 901 (Tex.Crim.App. 2011). Failure to meet the burden for either prong defeats the ineffectiveness claim. *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069-70. Our review of the actions taken by counsel is highly deferential and carries a strong presumption that counsel's conduct was not deficient. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065; *see Ex parte Moussazadeh,* 361 S.W.3d at 691. To prevail, a defendant must overcome the presumption that, under the circumstances, counsel's conduct fell within an objective standard of reasonable professional norms. *See Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065; *Ex parte Moussazadeh,* 361 S.W.3d at 691.

Pre-*Padilla,* trial counsel did not violate a defendant's Sixth Amendment right to effective assistance of counsel by failing to properly advise his client about collateral consequences of the prosecution. *Ex parte Morrow,* 952 S.W.2d 530, 536 (Tex.Crim.App. 1997). Immigration consequences, including deportation have traditionally been considered collateral consequences of a guilty plea. *State v. Jimenez*, 987 S.W.2d 886, 888–89 (Tex.Crim.App. 1999); *see also Ex parte Morrow*, 952 S.W.2d at 536.

In *Padilla,* the United States Supreme Court held that trial counsel must advise a non-citizen client whether a guilty plea carries a risk of immigration consequences including deportation. *Padilla,* 559 U.S. at 373-74, 130 S.Ct. at 1486. The nature of this advice depends on the applicable immigration law. *Id.* When an immigration consequence is "truly clear," counsel's failure to give correct advice is sufficient to satisfy the first prong of a *Strickland* ineffective assistance claim. *Id.* at 369, 130 S.Ct. at 1483-84. Post-*Padilla,* we and

4

many of our sister courts have determined that *Padilla's* holding applied retroactively.

The Supreme Court clarified the issue of *Padilla's* retroactive application in *Chaidez v. United States,* holding that *Padilla* announced a new rule regarding counsel's obligations to provide immigration advice, and therefore, *Padilla* does not apply retroactively to convictions made final prior to its ruling. *Chaidez v. United States,* 133 S.Ct. 1103, 1113 (2013). The Texas Court of Criminal Appeals adhered to the *Chaidez* analysis in determining *Padilla* also does not apply retroactively as a matter of state habeas law. *Ex parte De Los Reyes,* 392 S.W.3d at 679. The Texas Court of Criminal Appeals further clarified, while normally an order of deferred adjudication is not considered a final conviction for state law, it is for the purposes of federal immigration law. *State v. Guerrero*, 400 S.W.3d 576, 587–88 (Tex.Crim.App. 2013). Therefore, for purposes of a *Padilla* analysis, a final conviction occurs at the time a defendant pleaded guilty and was placed on deferred adjudication. *Id.*

*Analysis*

Because Carpio-Cruz's ineffective assistance of counsel claims relied on *Padilla,* we review the timing of his plea to determine whether or not the standards established in *Padilla* apply to his case. *Ex parte De Los Reyes,* 392 S.W.3d at 679. Carpio-Cruz pleaded guilty on November 30, 2009. Carpio-Cruz took no further action regarding the order of deferred adjudication, therefore his conviction became final on November 30, 2009, for purposes of federal immigration law and our review. *See Guerrero*, 400 S.W.3d at 587–88. Because the United States Supreme Court did not issue *Padilla* until March 31, 2010, Carpio-Cruz may not benefit from the retroactive application of *Padilla's* holding. *See Chaidez,* 133 S.Ct. at 1113; *Ex parte De Los Reyes*, 392 S.W.3d at 679. *See also Guerrero*, 400 S.W.3d at 587–88.

Pre-*Padilla*, counsel did not have an obligation to advise clients on the possible immigration consequences of a plea. *Ex parte Morrow*, 952 S.W.2d at 536; *Jimenez*, 987 S.W.2d at 888–89. We defer to the trial court's undisputed finding that plea counsel advised Carpio-Cruz he could be subject to immigration consequences, including deportation, based on his guilty plea and conclude that counsel did not render ineffective assistance. *See Kniatt*, 206 S.W.3d at 664; *see also Jimenez*, 987 S.W.2d at 888–89; *Ex parte Morrow*, 952 S.W.2d at 536. Because Carpio-Cruz cannot satisfy the first *Strickland* prong, we need not address the second *Strickland* prong. *See Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069-70.

Accordingly, the trial court's grant of habeas corpus relief on the basis of ineffective assistance of counsel constitutes an abuse of discretion. *Id.* *See also Kniatt*, 206 S.W.3d at 664.

## CONCLUSION

The trial court's judgment is reversed and judgment is rendered denying the application for writ of habeas corpus. TEX.R.APP.P. 43.2(c).

YVONNE T. RODRIGUEZ, Justice

October 17, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.
Rivera, J., not participating

(Do Not Publish)

6